# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PEGASUS WIRELESS INNOVATION LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | Case No. 2:23-cv-00640-JRG <br> (Lead Case) |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS *et al.*, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> PEGASUS WIRELESS INNOVATION LLC and KT CORPORATION, <br><br> *Counterclaim-Defendants*. | § § § § § § § § § § § § § | Case No. 2:23-cv-00640-JRG <br> (Lead Case) |
| PEGASUS WIRELESS INNOVATION LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T CORP. *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | Case No. 2:23-cv-00638-JRG <br> (Member Case) |
| NEW CINGULAR WIRELESS PCS, LLC, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> PEGASUS WIRELESS INNOVATION LLC and KT CORPORATION, <br><br> *Counterclaim-Defendants*. | § § § § § § § § § § § § § § | Case No. 2:23-cv-00638-JRG <br> (Member Case) |

| | |
|---|---|
| PEGASUS WIRELESS INNOVATION LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC. *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § <br><br> Case No. 2:23-cv-00639-JRG <br> (Member Case) |
| T-MOBILE USA, INC., <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> PEGASUS WIRELESS INNVOATION LLC and KT CORPORATION <br><br> *Counterclaim-Defendants*. | § § § § § § § § § § § § § <br><br> Case No. 2:23-cv-00639-JRG <br> (Member Case) |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT PEGASUS WIRELESS INNOVATION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS INTERVENORS' COUNTERCLAIMS**

# **TABLE OF CONTENTS**

Introduction .................................................................................................................................. 1

    I.    Rule 9(b) does not permit Intervenors to allege bad faith without supporting factual allegations. ........................................................................................................................ 1

    II.   Intervenors did not point to any allegations showing how Pegasus's NDA was a FRAND violation. ........................................................................................................................... 3

Conclusion .................................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Armstrong v. Daily*,
  786 F.3d 529 (7th Cir. 2015) ...................................................................................................2, 3

*Barnett v. Platinum Equity Cap. Partners II, L.P.*,
  2017 WL 3190654 (W.D. Pa. July 27, 2017) ..............................................................................5

*DBI Invs., LLC v. Blavin*,
  617 F. App'x 374 (6th Cir. 2015) ...............................................................................................2

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ...............................................................................3

*Kennon v. Slipstreamer, Inc.*,
  794 F.2d 1067 (5th Cir. 1986) ....................................................................................................4

*Little v. USAA Cas. Ins. Co.*,
  2010 WL 4909869 (5th Cir. Apr. 2, 2010) .................................................................................2

*Patrick v. Wal-Mart, Inc.-Store No. 155*,
  681 F.3d 614 (5th Cir. 2012) ......................................................................................................2

*Ripley v. State Farm Lloyds*,
  2020 WL 1643400 (N.D. Tex. Apr. 1, 2020) .............................................................................2

**Introduction**

Intervenors Ericsson Inc. and Nokia Corporation of America asserted two counterclaims against Pegasus Wireless Innovation LLC and KT Corporation for allegedly breaching duties under the European Telecommunications Standards Institute's (ETSI) Intellectual Property Rights (IPR) Policy to license essential IPRs on fair, reasonable, and non-discriminatory ("FRAND") terms. *See* Dkt. Nos. 99–101, 115–17. Pegasus moved to dismiss these counterclaims because Intervenors did not allege an actual FRAND violation, only a "fear of a future FRAND violation" that Pegasus's proposed NDA might conceal. Dkt. No. 128 ("Mot.") at 8.

In response, Intervenors do not allege that Pegasus refused to bargain or committed any FRAND violation. Dkt. No. 135 ("Opp."). Instead, Intervenors tacitly admit that they did not allege facts amounting to a cognizable FRAND violation, arguing that they were entitled to allege bad faith generally. This argument ignores ample case law—including Intervenors' own case law—holding that plaintiffs must allege facts giving rise to an inference of bad faith.

In another tacit admission of their failure to allege a FRAND violation, Intervenors spin out hypothetical FRAND violations that Intervenors never allege in their counterclaims (because they never occurred). For example, Intervenors claim that Pegasus ***could have*** "made an outrageous offer" or ***could have*** said "whatever it wanted in negotiations." Opp. at 7. These two hypotheticals are found nowhere in Intervenors' counterclaims and cannot save Intervenors' counterclaims.

I. **Rule 9(b) does not permit Intervenors to allege bad faith without supporting factual allegations.**

Intervenors wrongly argue that Federal Rule of Civil Procedure ("FRCP") 9(b) allows them to allege bad faith generally. Opp. at 5–6. Contrary to Intervenors' argument, numerous courts have held that plaintiffs must allege enough facts to reasonably infer that the defendant acted in

1

bad faith. In *Ripley v. State Farm Lloyds*, 2020 WL 1643400, at *2 (N.D. Tex. Apr. 1, 2020), the court dismissed a plaintiff's "claim for bad faith" because the plaintiff did not allege "facts regarding the purported bad faith" and failed to "satisfy the Rule 8(a) standards." Similarly, in *Little v. USAA Cas. Ins. Co.*, 2010 WL 4909869, at *5 (5th Cir. Apr. 2, 2010), the Fifth Circuit upheld the district court's dismissal of a claim with a bad-faith element because the plaintiff "failed to allege any facts showing that" the defendant "had no reasonable basis" for its denial of coverage, preventing the court from "reasonably infer[ring] that [the defendant] acted in bad faith." *See also DBI Invs., LLC v. Blavin*, 617 F. App'x 374, 383 (6th Cir. 2015) ("a general allegation of 'bad faith' cannot overcome the other pertinent factual allegations in this complaint."). Numerous cases have also held that allegations of bad faith are subject to the standard pleading requirements of FRCP 8(a). *See Ripley*, 2020 WL 1643400, at *2 (dismissing a claim with a bad-faith element because the plaintiff's allegations failed to "satisfy the Rule 8(a) standards"); *Patrick v. Wal-Mart, Inc.-Store No. 155*, 681 F.3d 614, 622 (5th Cir. 2012) (affirming the district court's dismissal of a claim with a bad-faith element because the plaintiff's "allegations were conclusory and failed to comply with Rule 8(a)'s pleading requirements").

Intervenors cite a laundry list of cases that do not support their argument. Opp. at 6. In fact, every single case that Intervenors cite involved a complaint with detailed factual allegations that allowed the court to reasonably infer bad faith that are completely absent here. For example, in *Armstrong v. Daily*, 786 F.3d 529, 547 (7th Cir. 2015), a prosecutorial misconduct case, the court outlined the "detailed facts" showing that the prosecutor ignored exculpatory evidence, admitted that he formed an opinion on the plaintiff's guilt before investigating, and used "any means necessary" to convict the plaintiff, including "violating court orders on access to evidence and suppressing [a] post-conviction report." These facts were "sufficient to allow the inference that

2

[the prosecutor] was acting in bad faith." *Id.* The remainder of Intervenors' cases are the same, with the court closely examining the plaintiff's complaint to determine if the plaintiff had alleged facts sufficient to infer bad faith.[1] Intervenors failed to include similar factual allegations and instead recited the bare legal elements of their counterclaims, thus failing to comply with FRCP 8(a).

II.  **Intervenors did not point to any allegations showing how Pegasus's NDA was a FRAND violation.**

Intervenors do not identify any allegations as to how Pegasus's proposed NDA amounted to a FRAND violation. As Pegasus pointed out in its motion, Intervenors have alleged that Pegasus's NDA might allow for some future FRAND violation—they have not alleged that an actual FRAND violation occurred. None of Intervenors' arguments remedy this central failing.

*First*, Intervenors characterize the proposed "good faith" provision as a "concession" that "Pegasus would be able to show the jury." Opp. at 7. As Pegasus pointed out in its motion (and Intervenors failed to address), this good-faith provision was not a concession, was not determinative of good faith, and would not prevent Intervenors from arguing that Pegasus later breached this good-faith provision.[2] Mot. at 7. As Pegasus also pointed out in its motion (and Intervenors again failed to address), this good-faith provision could not provide a negotiation advantage to Pegasus given that both parties to a FRAND negotiation must act in good faith. *See G+ Commc'ns, LLC v. Samsung Elecs. Co.*, 2024 WL 233222, at *5 (E.D. Tex. Jan. 22, 2024). A provision acknowledging both parties' good faith does not benefit Pegasus any more than

---

[1] Pegasus has already distinguished the remainder of the cases that Intervenors cite in its reply in support of its motion to dismiss Defendants' counterclaims. Dkt. No. 83 at 5 n.2.

[2] Intervenors argue that Pegasus "required Intervenors to agree to create a 'paper trail' under which Pegasus could say and do whatever it wanted in negotiations without repercussion." Opp. at 7. Intervenors do not explain what they mean by "paper trail," nor is it clear from context but Pegasus objects to Intervenors' unsubstantiated characterizations.

3

Intervenors. Intervenors' refusal to agree to this truly mutual provision undercuts their argument that they "attempted to negotiate NDAs on mutual terms in order to protect all parties' confidential information." Opp. at 13.

**Second**, Intervenors argue that the provision that allegedly "prohibit[ed] reference to the negotiation itself for any purposes other than licensing and/or good faith settlement negotiations" may have allowed Pegasus to commit *hypothetical* FRAND violations. Intervenors claim that this provision *might have* allowed Pegasus to "say and do whatever it wanted in negotiations without repercussion." Opp. at 7. Intervenors also claim that this provision *might have* allowed Pegasus to make "an outrageous offer to Intervenors in violation of FRAND." Opp. at 7. Intervenors, however, do not cite any actual outrageous offers or bad-faith negotiations. Intervenors do not even provide allegations indicating that Pegasus was likely to "do whatever it wanted in negotiations" or make "an outrageous offer." Quite the opposite. Intervenors never allege that Pegasus walked away from negotiations, refused to consider any alternatives to their language, or refused to bargain in the absence of this provision.

Intervenors also argue that this proposed provision is tantamount to a FRAND violation because it would have prevented them from "being able to present the factfinder with evidence of offers made by Pegasus." Opp. at 7. But preventing settlement offers from being used at trial is not evidence of bad faith. Indeed, the entire purpose of Federal Rule of Evidence 408 is "preventing evidence of a settlement (or its amount) from being used against a litigant who was involved in a settlement." *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986). Memorializing a purpose embodied in the Rule 408 is not evidence of bad faith bargaining any more than relying on Rule 408 at trial.

**Third**, in an effort to shore up their deficient allegations, Intervenors cite Pegasus's

4

complaint against *Verizon*. Opp. at 12. Not only do these allegations relate to negotiations with a separate party, Intervenors fail to admit the truth of the relevant allegations. Intervenors did not admit Pegasus's factual allegations, and they cannot rely on these very same allegations to supplement their counterclaims. *See, e.g.*, Dkt. No. 101 (Answer) at ¶ 51; *Barnett v. Platinum Equity Cap. Partners II, L.P.*, 2017 WL 3190654, at *3 (W.D. Pa. July 27, 2017) ("The Court may also rely on facts pled in the complaint, but only to the extent that they have been admitted in defendant's answer."). Besides failing to admit the truth of these allegations, Intervenors misquote them. Intervenors claim that "Pegasus refuses to make licensing offers or identify any technical information in the absence of an NDA." Opp. at 12 (citing Dkt. 1 ("Verizon Compl.") at ¶ 51). Pegasus's complaint, however, makes clear that Pegasus informed Defendants that it "could not share '*confidential information* without first entering an NDA.'" Verizon Compl. ¶ 51 (emphasis added). The exact same allegation makes clear that Pegasus did provide technical information, including "a variety of public information about Pegasus's patent portfolio, KT's contribution to the 4G/LTE and 5G Standards, and a chart tying each KT 4G and 5G Essential Patent to a specific 4G/LTE or 5G Standard Number." Verizon Compl. ¶ 48. The very next allegations makes clear that "*Verizon* declined to enter into any type of non-disclosure agreement that would protect Pegasus's confidential business information." Verizon Compl. ¶ 52 (emphasis added).

       This Court should dismiss Intervenors' counterclaims against Pegasus for breach of contract and failure to negotiate in good faith.

## Conclusion

       Pegasus requests that this Court dismiss Intervenors' counterclaims against Pegasus.

DATED: September 13, 2024 Respectfully submitted,

By:    */s/ Jordan Rux*

   Max L. Tribble – Lead Counsel
      Texas State Bar No. 20213950
      mtribble@susmangodfrey.com
   Joseph S. Grinstein
      Texas State Bar No. 24002188
      jgrinstein@susmangodfrey.com
   Corey M. Lipschutz
      Texas State Bar No. 24099303
      clipschutz@susmangodfrey.com
   **SUSMAN GODFREY L.L.P.**
   1000 Louisiana Street, Suite 5100
   Houston, TX 77002
   Telephone: (713) 651-9366
   Facsimile: (713) 654-6666

   Kalpana Srinivasan
      California State Bar No. 237460
      ksrinivasan@susmangodfrey.com
   Jordan Rux
      Texas State Bar No. 24106380
      jrux@susmangodfrey.com
   **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
   Telephone: (310) 789-3100
   Facsimile: (310) 789-3150

   Andrea L. Fair
      Texas State Bar No. 24078488
      andrea@wsfirm.com
   **WARD, SMITH & HILL, PLLC**
   1507 Bill Owens Parkway
   Longview, TX 75604
   Telephone: (903) 757-6400
   Facsimile: (903) 757-2323

   **ATTORNEYS FOR PLAINTIFF**
   **PEGASUS WIRELESS INNOVATION LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred via email and over the phone with counsel for all Intervenors, and counsel for each Intervenor indicated that they oppose the relief sought herein.

*/s Jordan Rux*
Jordan Rux

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s Jordan Rux*
Jordan Rux
