# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PEGASUS WIRELESS INNOVATION LLC | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:23-cv-00640-JRG (Lead Case) |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS *et al.,* | § § § § | |
| *Defendants,* | § § | |
| ERICSSON INC., | § § | |
| *Intervenor.* | § § | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS *et al.,* | § § § | |
| *Counterclaim-Plaintiff,* | § § § | CASE NO. 2:23-cv-00640-JRG (Lead Case) |
| ERICSSON INC., | § § | |
| *Intervenor,* | § § | |
| v. | § § | |
| PEGASUS WIRELESS INNOVATION LLC and KT CORPORATION, | § § § | |
| *Counterclaim-Defendants.* | § § | |
| PEGASUS WIRELESS INNOVATION LLC | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:23-cv-00638-JRG (Member Case) |
| AT&T CORP. *et al.,* | § § § | |
| *Defendants,* | § § | |
| ERICSSON INC., | § § | |
| *Intervenor.* | § | |

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, §§§§§§§§§§§§§ | |
| *Counterclaim-Plaintiff,* | CASE NO. 2:23-cv-00638-JRG (Member Case) |
| ERICSSON INC., | |
| *Intervenor,* | |
| v. | |
| PEGASUS WIRELESS INNOVATION LLC and KT CORPORATION, | |
| *Counterclaim-Defendants.* | |
| PEGASUS WIRELESS INNOVATION LLC §§§§§§§§§§§§§§ | |
| *Plaintiff,* | CASE NO. 2:23-cv-00639-JRG (Member Case) |
| v. | |
| T-MOBILE USA, INC. *et al.,* | |
| *Defendants,* | |
| ERICSSON INC., | |
| *Intervenor.* | |
| T-MOBILE USA, INC., §§§§§§§§§§§§§§ | |
| *Counterclaim-Plaintiff,* | CASE NO. 2:23-cv-00639-JRG (Member Case) |
| ERICSSON INC., | |
| *Intervenor,* | |
| v. | |
| PEGASUS WIRELESS INNOVATION LLC and KT CORPORATION, | |
| *Counterclaim-Defendants.* | |

**COUNTERCLAIM-DEFENDANT KT CORPORATION'S OPPOSITION TO COUNTERCLAIM-PLAINTIFFS' MOTION TO COMPEL (DKT. 169)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD......................................................................................................... 2

III. ARGUMENT....................................................................................................................... 2

IV. CONCLUSION................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Edward D. Ioli Tr. v. Avigilon Corp.*, No. 2:10-cv-605-JRG,
　2012 U.S. Dist. LEXIS 164425 (E.D. Tex. Nov. 16, 2012) ....................................................... 2

*Export Worldwide, Ltd. v. Knight*,
　241 F.R.D. 259 (W.D. Tex. 2006) ............................................................................................ 2

*Smith v. Am. Pain & Wellness, PLLC*, No. 4:23-cv-295,
　2024 U.S. Dist. LEXIS 190777 (E.D. Tex. October 21, 2024) ................................................. 2

**Rules**

FED. R. CIV. P. 26 .............................................................................................................................. 2

FED. R. CIV. P. 30 .............................................................................................................................. 1

FED. R. CIV. P. 37 .............................................................................................................................. 2

Counterclaim-Defendant KT Corporation ("KT") hereby responds to Counterclaimants'[1] motion to compel the jurisdiction 30(b)(6) deposition of KT (Dkt. 169) ("Motion").

## I. INTRODUCTION

On September 19, 2024, the Court ordered (Dkt. 148) the parties to participate in jurisdictional discovery as part of resolving KT's motion to dismiss for lack of personal jurisdiction. Dkts. 130-134. The Court ordered that jurisdictional discovery "shall not include issues related to only the FRAND counterclaims." Dkt. 148. Thereafter, Counterclaimants served "jurisdictional" discovery requests with a tenuous (at best) relationship to jurisdictional issues, forcing KT to object as untethered from the Court's jurisdictional discovery order. *See* Dkt. 168 at 2-3 (analyzing Counterclaimants' requests). Nevertheless, KT responded to the requests within the scope of jurisdictional discovery, including by producing KT's highly confidential licenses. *Id.* at 2. Counterclaimants continued to demand that KT provide additional information, further expanding the scope of "relevant" jurisdictional discovery. *Id.* at 3. KT asked Counterclaimants for a meet and confer to confirm Counterclaimants would not ask questions during the upcoming deposition beyond the scope of jurisdictional discovery. *Id.* KT made its position clear that asking a witness to interpret terms of a contract went beyond the limits of jurisdictional discovery. Despite assuring KT that they would "comply with the limits set in the Court's Jurisdictional Order[,]" Mot. at 5, it was clear that the parties were at impasse regarding the proper scope of the order, necessitating Court intervention.

---

[1] "Counterclaimants" refers to Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services LLC, Verizon Corporate Services Group Inc., and TracFone Wireless, Inc ("Verizon"), AT&T Corp., AT&T Services, Inc., AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless PCS, LLC, and Cricket Wireless LLC ("AT&T"), and T-Mobile USA, Inc., Sprint Solutions LLC, and Sprint Spectrum LLC ("T-Mobile"), and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corp. ("Nokia").

## II. LEGAL STANDARD

Rule 37 permits a party to "move for an order compelling disclosure or discovery[,]" FED. R. CIV. P. 37(a)(1), so long as such discovery is not "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" FED. R. CIV. P. 26(b)(2)(C)(i), or "[dis]proportionate to the needs of the case . . . [or where] the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). "The moving party bears the burden of showing that the materials and information sought are 'relevant to any party's claim or defense' or 'appear reasonably calculated to lead to the discovery of admissible evidence.'" *Edward D. Ioli Tr. v. Avigilon Corp.*, No. 2:10-cv-605-JRG, 2012 U.S. Dist. LEXIS 164425, at *3-4 (E.D. Tex. Nov. 16, 2012) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) and FED. R. CIV. P. 26(b)(1)); *see also Smith v. Am. Pain & Wellness, PLLC*, No. 4:23-cv-295, 2024 U.S. Dist. LEXIS 190777, at *5 (E.D. Tex. October 21, 2024) (same).

## III. ARGUMENT

To the extent there was any doubt that the parties disagreed about the scope of the Court's jurisdictional discovery order, Counterclaimants' motion illustrates that KT's concerns are anything but "pretextual" or "feigned." Counterclaimants' motion evidences their desire to repackage pure FRAND issues into "jurisdiction[,]" in order to receive merits discovery early. Counterclaimants ask this Court to "enforce" its order, Mot. at 1; KT asks the same, and, in doing so, order Counterclaimants to not exceed the limits of jurisdictional discovery.

Counterclaimants state several times that they intend to "abide" by the jurisdictional discovery order but also argue that specific details regarding the interpretation of terms in the license agreements may be relevant to personal jurisdiction. They argue "[t]he terms and details

of KT's contractual agreements . . . are squarely relevant to the question of personal jurisdiction" without providing any support for that position. Mot. at 1-2. KT's position is exactly the opposite: the interpretation of financial terms of a license agreement has no relevance to whether the Court has personal jurisdiction over KT. KT is not resisting discovery *it agreed to* but rather resisting discovery this Court explicitly forbade.[2] Counterclaimants gloss over this distinction.

Instead, Counterclaimants argue that *KT's briefing* rendered the terms of the license agreements relevant to personal jurisdiction, for three reasons. Each reveal Counterclaimants' overly broad interpretation of the Court's jurisdictional discovery order. *First*, Counterclaimants argue that they "specifically alleged personal jurisdiction based on Pegasus acting as KT's agent" and that "KT . . . relied upon the terms of those agreements to challenge personal jurisdiction under this agency theory[,]" Mot. at 6, elsewhere arguing that the agreements are "*prima facie* evidence proof that KT voluntarily subjected itself to US personal jurisdiction." *Id*. at 1. As KT stated in its motion to dismiss, "[t]hat is a simple statement overgeneralizing a nuanced legal issue." Dkt. 130 at 10.

In addressing the agency theory argument, KT cited exactly *one phrase* from *one* agreement, and that phrase speaks for itself. *Id.* at 11. KT argued the Agency Agreement between KT and Pegasus gave Pegasus the right to negotiate with potential licensees on KT's behalf. *Id*. There is no reason that one phrase should open a fishing expedition into all the terms of all of KT's agreements. Counterclaimants can make all relevant jurisdictional arguments about the Agency Agreement without inquiring into the particular financial terms of KT's licenses

---

[2] Counterclaimants are all too happy to try and recast KT's proper interpretation of the Court's jurisdictional discovery order as "delay-for-the-sake-of-delay." That is nothing more than an attempt at *reductio ad absurdum* and KT implores this Court not bite at such an invitation.

████████████████████████ As Counterclaimants readily acknowledge, their claims are against *Pegasus*, not KT: "Pegasus failed to comply with FRAND[.]" Mot. at 2. Counterclaimants are also free to ask KT's representative about its relationships with other companies as they relate to KT's connections to the Eastern District of Texas without asking the witness to interpret contractual terms.

*Second*, Counterclaimants cite an agreement with ████████████████



*Third*, Counterclaimants fault KT for producing its licenses "as part of jurisdictional discovery." Mot. at 7. Producing the licenses is not an admission that any licensing question is relevant to personal jurisdiction. As KT has continuously maintained, the *existence* of the agreements may be relevant to personal jurisdiction, but *interpretation* of the agreements cannot be relevant to personal jurisdiction. KT should be praised for producing its licenses (which are some of its most highly confidential documents) without delay or motion practice. Counterclaimants have never provided any specific explanation as to why interpretation of any

---

[3] https://www.avanci.com/contact/ (accessed Nov. 21, 2024).

specific term would be relevant to whether personal jurisdiction over KT in the Eastern District of Texas would be proper.

Counterclaimants conclude by arguing "KT cannot complain about burdens caused by simultaneous merits and jurisdictional discovery." Mot. 7 n. 3. KT is not "complaining" about jurisdictional discovery. KT has consistently argued that merits discovery is inappropriate at this stage of the case, given the pending motion to dismiss on personal jurisdiction grounds. KT's motion for protective order (Dkt. 168) and Counterclaimants motion to compel would not be necessary if Counterclaimants commit to following this Court's order that jurisdictional discovery "shall not include issues related to only the FRAND counterclaims." Dkt. 148. Were Counterclaimants' motion granted, they would undoubtedly use the accompanying order to force KT to answer questions well beyond the scope of jurisdiction.

## IV.   CONCLUSION

For the forgoing reasons, KT respectfully requests that this Court deny Counterclaimants' motion to compel and grant KT's motion for protective order (Dkt. 168) to prevent KT from being exposed to the significant burden of preparing a jurisdictional corporate representative to testify about material outside the scope of jurisdictional discovery.

| | |
|---|---|
| Dated: November 21, 2024 | Respectfully submitted,<br><br>*/s/ Blaine Larson*<br>Michael Heim<br>Texas Bar No. 09380923<br>mheim@hpcllp.com<br>Alden Harris<br>Texas Bar No. 24083138<br>aharris@hpcllp.com<br>Blaine Larson<br>Texas Bar No. 24083360<br>blarson@hpcllp.com<br>HEIM PAYNE & CHORUSH LLP<br>609 Main Street, Suite 3200<br>Houston, Texas 77002<br>Telephone: (713) 221-2000<br>Facsimile: (713) 221-2021<br><br>*Counsel for Counterclaim Defendant KT Corporation* |

6

## CERTIFICATE OF SERVICE

I hereby certify that certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF on November 21, 2024.

/s/ Blaine Larson
Blaine Larson