# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PEGASUS WIRELESS INNOVATION LLC, <br>    *Plaintiff,* <br> v. <br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, et al., <br>    *Defendants*, <br> ERICSSON INC. and NOKIA OF AMERICA CORP., <br>    *Intervenors.* | § § § § § § § § § § § § § § | CASE NO. 2:23-cv-00640-JRG <br> (Lead Case) |
| PEGASUS WIRELESS INNOVATION LLC, <br>    *Plaintiff,* <br> v. <br> AT&T CORP, et al., <br>    *Defendants*, <br> ERICSSON INC. and NOKIA OF AMERICA CORP., <br>    *Intervenors.* | § § § § § § § § § § § § § § | CASE NO. 2:23-cv-00638-JRG <br> (Member Case) |
| PEGASUS WIRELESS INNOVATION LLC, <br>    *Plaintiff,* <br> v. <br> T-MOBILE USA, INC., et al., <br>    *Defendants*, <br> ERICSSON INC. and NOKIA OF AMERICA CORP., <br>    *Intervenors.* | § § § § § § § § § § § § § § | CASE NO. 2:23-cv-00639-JRG <br> (Member Case) |

## MEMORANDUM OPINION AND ORDER

Before the Court are (1) Counterclaim-Defendant KT Corporation's ("KT") Motion for Protective Order from Non-Jurisdictional Discovery (the "PO Motion," Dkt. No. 150), and (2) Defendants[1] and Intervenors'[2] Motion to Compel Responses to Discovery Requests from Counterclaim-Defendant KT Corporation (the "MTC," Dkt. No. 151, and with the PO Motion, the "Motions"). In the PO Motion, KT requests "a protective order seeking relief from non-jurisdictional discovery under FED. R. CIV. P. 26(b)(1), Local Rule CV-26(d), and this Court's Discovery Order (Dkt. 58)." (Dkt. No. 150 at 1.) In the MTC, Defendants and Intervenors "request that the Court compel Counterclaim-Defendant KT Corporation . . . to respond to Defendants and Intervenors' discovery requests." (Dkt. No. 151 at 1.) For the following reasons, the Court finds that (1) the PO Motion should be **GRANTED**, and (2) that the MTC should be **DENIED**.

## I. INTRODUCTION

On December 29, 2023, Plaintiff Pegasus Wireless Innovation LLC ("Plaintiff") filed three patent infringement complaints against AT&T, T-Mobile, and Verizon. (Dkt. No. 1; No. 2:23-cv-00638-JRG, Dkt. No. 1; No. 2:23-cv-00639-JRG, Dkt. No. 1.) In each complaint, Plaintiff asserts that Defendants infringe U.S. Patent Nos. 11,627,631; 10,181,931; 10,616,932; 11,405,942; 10,594,460; 10,721,118; 11,219,000; 10,638,463; 11,540,272; 9,894,644; and 10,009,161 (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶ 1; No. 2:23-cv-00638-JRG, Dkt. No. 1 ¶ 1; No. 2:23-cv-00639-JRG, Dkt. No. 1 ¶ 1.) Given this overlap, the Court consolidated the three cases for all pretrial issues. (Dkt. No. 16.)

---

[1] Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services LLC, Verizon Corporate Services Group Inc., and TracFone Wireless, Inc (collectively, "Verizon"), AT&T Corp., AT&T Services, Inc., AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless PCS, LLC, and Cricket Wireless LLC (collectively, "AT&T"), and T-Mobile USA, Inc., Sprint Solutions LLC, and Sprint Spectrum LLC (collectively, "T-Mobile" and with Verizon and AT&T, the "Defendants").

[2] Ericsson Inc. ("Ericsson") and Nokia of America Corp. ("Nokia" and with Ericsson, the "Intervenors").

On March 25, 2024, AT&T, T-Mobile, and Verizon each filed an Answer and Counterclaims to their respective Complaint. (Dkt. Nos. 36, 39, 42.) Intervenors Nokia and Ericsson later each filed an answer and claims against KT. (Dkt. Nos. 99–101, 115–117.) Relevant here, Defendants and Intervenors identically pled counterclaims 12 and 13, respectively for "Breach of Contract (FRAND)" and "Failure to Negotiate in Good Faith." (*See, e.g.*, Dkt. No. 36 Counterclaims ¶¶ 117–128.) These counterclaims are asserted against both Plaintiff and "counterclaim-defendant" (properly third-party defendant) KT.[3]

KT moved to dismiss all counterclaims, arguing that (1) this Court does not have personal jurisdiction over KT, and (2) Defendants and Intervenors fail to state a claim under Rule 12(b)(6). (Dkt. Nos. 130–134.) KT, Defendants, and Intervenors then jointly moved to (1) extend the deadline for Defendants/Intervenors to respond to the motions to dismiss, and (2) conduct jurisdictional discovery. (Dkt. No. 146.) Relevant here, the joint motion included the following agreement between KT, Defendants, and Intervenors:

> The parties have 60 days to conduct jurisdictional discovery. Discovery shall be limited to issues raised in KT's motion to dismiss for lack of personal jurisdiction and shall not include issues related to only the FRAND counterclaims.

(*Id.* at 3.) The Court granted the joint motion and entered an Order reflecting this agreement between KT, Defendants, and Intervenors. (Dkt. No. 148 at 3.)

---

[3] While Plaintiff, KT, Defendants, and Intervenors refer to KT as a "counterclaim-defendant," that label is inaccurate. "Counterclaims" are asserted against "an opposing party." FED. R. CIV. PRO. 13. However, KT was not "an opposing party" when Defendants/Intervenors filed their claims against it—Plaintiff was the only named plaintiff and KT was an unnamed third party. KT is more properly delineated as a third-party defendant and the "counterclaims" referenced in the Motions are in reality third party claims. However, to avoid more confusion and in light of inartful drafting by the Parties, the Court will refer to the claims against KT as counterclaims—but only in this Order. Hereafter, KT shall be referenced to as a "third-party defendant."

## II.     ANALYSIS

### A.     The PO Motion

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

KT, Defendants, and Intervenors expressly agreed that for 60 days, "[d]iscovery ***shall be limited to issues raised in KT's motion to dismiss*** for lack of personal jurisdiction and shall not include issues related to only the FRAND counterclaims." (Dkt. No. 146 at 3 (emphasis added).) The Court entered an Order giving effect to the Parties' agreement. (Dkt. No. 148 at 3.) However, Defendants/Intervenors now seek to expand the scope of this agreed upon discovery during the jurisdictional discovery period. (*See* Dkt. Nos. 150-2, 150-3.) Defendants/Intervenors do not dispute most of the alleged discovery overreach. (Dkt. No. 154 at 4–5.) Indeed, Defendants/Intervenors' main argument seems to be that good cause does not exist for the requested protective order because the discovery agreement with KT does not preclude non-jurisdictional discovery. (*Id*. at 3 n.2.) The Court rejects Defendants/Intervenors' reading of the agreement and the Court's Order on jurisdictional discovery. KT, Defendants, and Intervenors could have expressly addressed whether or not non-jurisdictional discovery would proceed or not during the jurisdictional discovery period. They chose not to do so, and they should be held to their agreement.

Under these circumstances, the Court finds that Defendants/Intervenors are not entitled to non-jurisdictional discovery during the jurisdictional discovery period and that good cause for a protective order exists. KT, Defendants, and Intervenors came to an agreement that was accepted by the Court regarding the scope of discovery during the discovery period. Now allowing non-jurisdictional discovery would render this agreement meaningless. Accordingly, the Court finds

that KT's PO Motion should be granted. However, after the jurisdictional discovery period closes, Defendants/Intervenors may renew their requests for non-jurisdiction discovery. KT shall collect and produce relevant and non-privileged information in response to such requests in accordance with the Federal Rules of Civil Procedure, this District's Local Rules, and this Court's Orders.

### B.     The MTC

In the MTC, Defendants/Intervenors request the Court to compel KT to produce non-jurisdictional discovery. For the same reasons as those discussed above, the Court finds that the MTC should be denied. After the jurisdictional discovery period closes, Defendants/Intervenors may renew their non-jurisdiction discovery requests. KT shall collect and produce relevant and non-privileged information in response to such requests in accordance with the Federal Rules of Civil Procedure, this District's Local Rules, and this Court's Orders. The Court finds that the MTC should be denied.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that Third-Party Defendant (improperly referred to as Counterclaim-Defendant)[4] KT Corporation's Motion for Protective Order from Non-jurisdictional Discovery (Dkt. No. 150) should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that KT shall not be required to respond to non-jurisdictional discovery requests during the jurisdictional discovery period. The Court further finds that Defendants and Intervenors' Motion to Compel Responses to Discovery Requests from KT Corporation (Dkt. No. 151) should be and hereby is **DENIED**.

---

[4] In conformity with the above, all Parties are directed hereafter to refer to KT as third-party defendant and the complaints against it as third-party complaints—not counterclaims. Only a defendant can assert a counterclaim against a plaintiff. KT is neither a plaintiff nor is it a named defendant. It is a third-party defendant and should be identified hereafter as such.

The Parties are further **ORDERED** to meet and confer within three (3) days of entry of this Order to determine how this Order impacts (1) KT Corporation's Motion for Protective Order from Questioning Beyond the Scope of Jurisdictional Discovery (Dkt. No. 168) and (2) The Third-Party-Plaintiffs' Motion to Compel Court Ordered Deposition of KT Corporation (Dkt. No. 169). If this Order provides guidance that resolves all issues raised in the motions filed at Dkt. Nos. 168 and 169, the Parties are **DIRECTED** to file motions to withdraw the motions filed at Dkt. Nos. 168 and 169 within three (3) days of the Court ordered meet and confer. If this Order does not provide guidance that resolves the issues raised in the motions filed at Dkt. Nos. 168 and 169, the Parties are **DIRECTED** to file a joint notice indicating as such within three (3) days of the Court ordered meet and confer.

**So Ordered this**
**Dec 11, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE